Filed 7/24/15  P. v. McClean CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C076060 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF120212) |
| v. | |
| CHRISTOPHER SCOTT MCLEAN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Upon review of the record as required by *Wende*, we requested supplemental briefing on the following issues:  (1)  Does the January 1, 2014, amendment to Health and Safety Code section 11379,[1] requiring that transportation of a controlled substance be for the purpose of sale apply to defendant? (2)  If yes, what is the appropriate remedy?  The People concede that the amendment to section 11379 applies to defendant Christopher

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

Scott McClean and that the proper remedy is to remand the matter to allow defendant to withdraw his plea.

We reverse and remand to allow defendant to withdraw his plea and for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, a Yolo County Sheriff stopped defendant for failing to stop at a stop sign. Defendant was with Virginia Perry-Mekoul, who had an active restraining order in place against defendant. The sheriff searched the car and found defendant "in possession of .07 grams of methamphetamine, which is a usable amount."

A complaint charged defendant with transporting methamphetamine (§ 11379, subd. (a)), possession of methamphetamine (§ 11377, subd. (a)), and misdemeanor violation of a court order (Pen. Code, § 273.6, subd. (a)). Defendant pled no contest to transporting methamphetamine and violating a court order. The trial court dismissed the remaining count. Defendant violated probation twice. After the second violation, the trial court denied further probation and sentenced defendant to a split four-year term. Defendant filed an appeal pursuant to *Wende*.

On December 9, 2013, while defendant's appeal was pending, his 2013 trial counsel filed a motion in the trial court to set aside an unauthorized sentence, based on the January 1, 2014, amendment to section 11379, which added the requirement that the transportation of a controlled substance had to be for the purpose of sale. The trial court denied the motion.

## DISCUSSION

At the time of defendant's conviction, section 11379, subdivision (a), provided that, with exceptions inapplicable here, "every person who transports . . . any controlled substance . . . unless upon the prescription of a physician . . . shall be punished by imprisonment . . . for a period of two, three, or four years." Nothing in section 11379 specified any required intent, and case law had construed the statute to cover any

2

transportation of a controlled substance with knowledge of its presence and illegal character, regardless of whether the defendant intended to sell the drug. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.)

Effective January 1, 2014, after defendant's conviction and sentencing, but while his case was pending on appeal, section 11379 was amended to add subdivision (c), which states, "For purposes of this section, 'transports' means to transport for sale." The legislative history of the amendment shows that the Legislature intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for nonsales purposes such as personal use. (See Assem. Com. on Public Safety, Conc. in Sen. Amend., Analysis of Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013, p. 3 [" 'This bill makes it expressly clear that a person charged with this felony must be in possession of drugs with the intent to sell. Under AB 721, a person in possession of drugs ONLY for personal use would remain eligible for drug possession charges. However, personal use of drugs would no longer be eligible for a SECOND felony charge for transportation.' "].)

Absent a saving clause, an amended statute may operate retroactively to a defendant whose appeal is not yet final. (*People v. Wright* (2006) 40 Cal.4th 81, 90; *People v. Babylon* (1985) 39 Cal.3d 719, 721-722.) Where, as here, an amendment to a statute mitigates punishment and there is no saving clause, the amendment will operate retroactively to lighten the punishment previously imposed. (*In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*).)

The parties agree that under *Estrada* the amendment to section 11379 applies to this case. The amendment to section 11379 requires the prosecution to prove that a defendant transported a controlled substance for the purpose of sale, and thus effectively adds a new element to the offense. Under the amended version of section 11379,

3

defendant's guilty plea cannot stand because he did not admit that he transported the drugs for sale.

As the parties agree, the proper remedy on remand is to allow defendant to withdraw his plea.  (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court to allow the defendant to withdraw his plea to transportation of methamphetamine and for further proceedings.

      MURRAY      , J.

We concur:

      BLEASE      , Acting P. J.

      RENNER      , J.

4